# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY GILLILAND, | CASE NO. 07CV1650 WQH (RBB) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| vs. | |
| DENNIS SMITH, Warden of the Federal Bureau of Prisons, USP and SCP Atwater, | |
| Respondent. | |

HAYES, Judge:

Pending before the Court is Petitioner Michael Anthony Gilliland's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1).

## BACKGROUND

On August 20, 2007, Petitioner Michael Anthony Gilliland filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of California. (Doc. # 1). Petitioner is incarcerated in federal prison in Atwater, California, and seeks a transfer from the prison to a Residential Re-entry Center. Petition at 1-2. Petitioner does not challenge his underlying conviction, only the condition and place of his detention.

## DISCUSSION & ORDER

28 U.S.C § 2241(a) provides that, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective*

1  *jurisdictions*." (Emphasis added.).  Though there are limited exceptions, "the plain language of the
2  habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical
3  confinement, jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*,
4  542 U.S. 426, 443 (2004); *see also Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

5  After reviewing the Petition for Habeas Corpus, the Court concludes that Petitioner challenges
6  his present physical confinement in a core habeas proceeding, and therefore, jurisdiction only lies in
7  the district in which Petitioner is presently confined.  Petitioner is presently confined in Atwater,
8  California, and Atwater is not within the geographic boundaries of the United States District Court
9  for the Southern District of California.  Accordingly, this Court concludes that it lacks jurisdiction to
10 resolve the presently pending Petition pursuant to 28 U.S.C. § 2241.  *See Padilla*, 542 U.S. at 443.
11 Though Petitioner was sentenced in the United States District Court for the Southern District of
12 California, the Court declines to construe the present Petition as being filed pursuant to 28 U.S.C. §
13 2255.

14 The Petition for Writ of Habeas Corpus (Doc. # 1) is DISMISSED without prejudice for lack
15 of jurisdiction.  Petitioner may re-file the Petition for Writ of Habeas Corpus in the United States
16 District Court for the Eastern District of California.

17 **IT IS SO ORDERED**.

18 DATED:  August 22, 2007

19 
20 **WILLIAM Q. HAYES**
United States District Judge